**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanna Lee Sperling, | No. CV-11-01447-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Werner Enterprises, Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support (Doc. 5) and Plaintiff's Motion to Cancel/Rescind Stipulation; Motion to Not Dismiss Complaint; Motion for Leave to Amend; Motion for Doctrine of Equitable Tolling; and Memorandum of Points and Authorities in Support (Doc. 6).

**I. Background**

Plaintiff, a sixty-seven year old woman, was employed by Defendant as a truck driver. Over the course of her employment, she claims she was the subject of various instances of employment discrimination due to her age and gender and was ultimately dismissed on these grounds. Plaintiff claims that she was treated differently than male employees and that various male trainers made sexually explicit comments to her. She states that although she complained about these incidents, no action was ever taken. Specifically, Plaintiff claims that she informed her supervisor on September 15, 2010 of the discrimination to which she was being subjected, and that as a result of this complaint, Plaintiff was terminated.

After her termination, Plaintiff filed two claims with the Equal Employment

Opportunity Commission ("EEOC"): one on October 18, 2010, charging Defendant with sex discrimination, age discrimination, and retaliation; and one on April 4, 2011, charging Defendant with an additional claim of retaliation. Her first EEOC complaint alleged that one of Defendant's employees made sexually harassing comments to Plaintiff, and that after she reported the incident, Defendant "tested [Plaintiff's] driving skills and then discharged me in retaliation for reporting the sexual harassment." (Doc. 5-1 at 3.) Her second EEOC complaint again states that Defendant terminated Plaintiff in retaliation for "filing a complaint of sexual harassment." (*Id.* at 9.) Plaintiff further states that Defendant committed another act of retaliation against Plaintiff by placing false information on her accident/incident driving record. Plaintiff states that because of the allegedly false information on her driving record, she has been unable to secure another position as a truck driver. The EEOC sent Plaintiff a notice of right-to-sue letter regarding her first EEOC claim on December 28, 2010 (*Id.* at 5), and another notice of right-to-sue letter regarding her second EEOC claim on April 21, 2011 (*Id.* at 11).

On July 21, 2001, Plaintiff filed this complaint against Defendant, alleging "sex/gender discrimination," sexual harassment, age discrimination, retaliation and/or wrongful employment determination (Doc. 1). Plaintiff claims that as a result of her termination and inability to secure employment, she has lost property in Scottsdale, Arizona, Phoenix, Arizona, and California. As damages, Plaintiff seeks back pay for lost wages, attorney fees, reinstatement, "compensation as related to loss of property," and "reimbursement, etc. & related expenses associated with emotional, pain-related costs." (Doc. 1 at 6.) On August 28, 2011, Defendant filed the currently pending motion seeking dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) (Doc. 5). Plaintiff then filed a motion (1) seeking to cancel a previously entered stipulation; (2) responding to Defendant's motion to dismiss; (3) seeking leave to file an amended complaint; and (4) moving for "doctrine of equitable tolling." (Doc. 6.)

**II.    Legal Standard**

       **A.    Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . . , yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### B. Rule 12(b)(6), Federal Rules of Civil Procedure

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

### III. Analysis

### A. Defendant's Motion to Dismiss

Defendant claims Plaintiff's complaint should be dismissed because (1) her claims are time-barred; and (2) to the extent her retaliation claim is not time-barred, Plaintiff fails to state a plausible claim for relief.

#### 1. Statute of Limitations

Defendant claims that all of Plaintiff's claims should be dismissed because they are barred by the relevant statute of limitations. "The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations." *See Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (citing *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir.1990)). The start of the limitations period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgm't Serv.*, 495 F.3d 1119, 1222 (9th Cir. 2007). "Where the actual date of receipt [of the right-to-sue notice letter] is unknown but receipt itself is not disputed," the letter is presumed to have arrived within three days of its issuance. *Id.* If a claimant does not file suit within the limitations period, her action is accordingly barred. *Scholar*, 963 F.2d at 267.

Here, Plaintiff filed two EEOC claims, and received two right-to-sue notice letters from the EEOC. Although the first right-to-sue letter is dated December 28, 2010, Plaintiff claims that she did not receive that letter until April 4, 2011 because the EEOC did not send the letter by certified mail (Doc. 6 at 4). Even assuming Plaintiff did not receive the letter until more than three months after it is dated, Plaintiff's claims raised in her first EEOC filing are still barred by the statute of limitations. Plaintiff did not bring her claim in this Court until July 21, 2011, 108 days after she purportedly received the notice of right-to-sue letter which clearly states that she has ninety days in which to file a federal suit. Therefore, Plaintiff's claims raised in her first EEOC complaint for age discrimination, sex discrimination, and retaliation are barred.

Plaintiff's second EEOC right-to-sue letter is dated April 21, 2011; Plaintiff filed her complaint in this Court exactly ninety-one days after the issuance of the right-to-sue letter.

1 However, it is not clear from Plaintiff's pleadings if she actually received the letter on April 21, 2011. Considering the *Payan* rule that a letter is deemed received within three days of its issuance where the exact date of receipt is unknown, it is plausible that Plaintiff filed her lawsuit in this Court within the ninety-day allotment. Therefore, in this motion to dismiss posture, there is no basis to dismiss Plaintiff's claims raised in her second EEOC complaint as time-barred.

### 2. Retaliation Claim

Defendant alternatively contends that if Plaintiff's retaliation claim is not barred by the statute of limitations, it should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As evidence of retaliation, Plaintiff claims that Defendant placed an incident on Plaintiff's driving record report that may prevent Plaintiff from obtaining employment with another company. Plaintiff does not deny that an incident occurred that required the truck she was driving to be moved, but claims that Defendant only chose to report this incident months after it occurred, when the standard practice is to report such an incident within thirty days of its occurrence. Plaintiff further claims Defendant chose to place the incident on her record in retaliation for "filing the complaint of sexual harassment and the charge of discrimination." (Doc. 5-1 at 9.) Defendant argues that the retaliation claim fails because (1) if the claim of retaliation is in reference to the filing of Plaintiff's EEOC complaint, Defendant placed the incident on Plaintiff's report on October 13, 2010, five days *before* Plaintiff filed her complaint with the EEOC; and (2) if the claim of retaliation is in reference to the report of sexual harassment made to Plaintiff's supervisor on September 15, 2010, the claim still fails because there is no evidence to indicate Defendant did anything other than follow standard protocol in lawfully reporting a valid incident.

Assuming Plaintiff is claiming retaliation in response to the September 15, 2010 report, and not to the EEOC filing – since retaliation in such instance would be impossible, considering the incident was placed on Plaintiff's report before the EEOC complaint was filed – Plaintiff has not stated a plausible claim for relief on these pleadings. Although Plaintiff claims that there would have been no reason for Defendant to report an incident

months after the fact unless it was for retaliatory purposes, she provides no basis to support that claim. Nor does she dispute that the incident reported did in fact occur, or that it fell within the category of events which Defendant could properly report on Plaintiff's driving record. Further, while Plaintiff speculates that the standard practice in reporting such an incident would have been to report the incident within thirty days (Doc. 6 at 7), she also indicates that she was informed that Defendant could place or remove information on a driver's report at any time (*id.* at 8). Without more specifics of a retaliatory motive behind the incident reporting, Plaintiff has not provided enough factual allegations to raise her right to relief beyond the merely speculative level. *Twombly*, 550 U.S. at 555. Plaintiff's retaliation claim will therefore be dismissed for failing to state a plausible claim for relief.

### B. Plaintiff's Motion

In addition to responding to Defendant's motion to dismiss, in her September 9, 2011 filing Plaintiff also requested that the Court (1) cancel or rescind an earlier stipulation by the parties, (2) apply the doctrine of equitable tolling to allow her claims to go forward; and (3) allow her leave to amend her complaint.

### 1. Motion to Cancel/Rescind Stipulation

Plaintiff requests that the Court cancel a stipulation that she entered into with Defendant wherein the parties agreed to extend Defendant's time to file and serve a responsive pleading to Plaintiff's complaint (Doc. 3). Plaintiff claims that Defendant represented that it would work with Plaintiff to pursue a settlement agreement and that Defendant's attorney would fax Plaintiff a signed copy of the stipulation if Plaintiff consented to the stipulation. After the stipulation was granted, Plaintiff claims Defendant did not follow up with settlement discussions and did not fax her a copy of the stipulation submitted to the Court as promised. Regardless of whether there were in fact false representations made in order to secure Plaintiff's consent to the stipulation, Defendant has now filed a responsive pleading. The litigation has moved beyond the stage where a stipulation allowing Defendant additional time in which to respond to Plaintiff's complaint is relevant; rescinding the stipulation would have no consequence. Indeed, Defendant could

1  have simply filed a motion asking for an extension of time, which the Court would have
2  granted if it was supported by good cause; therefore, whether Plaintiff stipulated to an
3  extension of time to answer or not, the litigation would likely have, and has in fact, advanced.
4  Because this request is effectively meaningless to the proceeding, the Court will deny it.

### 2.     Motion for Doctrine of Equitable Tolling

Plaintiff also requests that the Court apply the doctrine of equitable tolling to allow her to maintain her time-barred claims. While "[a] statute of limitations is subject to the doctrine of equitable tolling...it has been applied sparingly[.]" *Scholar*, 963 F.2d at 267. The doctrine of equitable tolling may apply where "the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Id.* at 268. However, "[c]ourts have been generally unforgiving...when a late filing is due to claimant's failure to 'exercise due diligence in preserving [her] legal rights.'" *Id.* (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 94 (1990)).

In this case, Plaintiff has offered no justifiable reason for why she allowed the statute of limitations on her claims to run. While she notes that she did not receive the right-to-sue letter on her first EEOC complaint until April 4, 2011, Plaintiff still waited more than ninety days to file her claim with this Court. Plaintiff has not provided the Court with any reason explaining or justifying that delay. Accordingly, because it appears Plaintiff simply failed to "exercise due diligence" by timely filing her complaint, the Court will not apply the doctrine of equitable tolling.

### 3.     Motion for Leave to Amend

Finally, Plaintiff asks that she be given leave to file an amended complaint. Although leave to amend should be freely given "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), Plaintiff will not be given leave to amend her complaint as to the claims raised in her first EEOC complaint because those claims are clearly barred by the statute of limitations. Any leave to amend these claims would therefore be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for

leave to amend.").

Plaintiff will, however, be given an opportunity to amend her complaint regarding the retaliation claim raised in her second EEOC letter. Plaintiff shall make clear her allegations in short, plain statements that provide enough detail to state a plausible claim for relief. Any amended complaint must conform to the requirements of Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff is warned that if she elects to file an amended complaint and fails to comply with the Federal Rules of Civil Procedure, the action may be dismissed. *See* Fed. R. Civ. P. Rule 41(b); *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 5) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Cancel/Rescind Stipulation; Motion to Not Dismiss Complaint; Motion for Leave to Amend; Motion for Doctrine of Equitable Tolling; and Memorandum of Points and Authorities in Support (Doc. 6) is denied as to the Motion to Cancel/Rescind Stipulation; Motion to Not Dismiss Complaint; and Motion for Doctrine of Equitable Tolling and granted as to the Motion for Leave to Amend.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by October 21, 2011. The Clerk is directed to terminate this case without further order if Plaintiff does not file an amended complaint by October 21, 2011.

DATED this 7th day of October, 2011.

_____
Neil V. Wake
United States District Judge